UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MARTIN GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 23-cv-00131-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 29 |

## I.　INTRODUCTION

Having successfully appealed the government's denial of Social Security disability benefits, Plaintiff Ian Martin Garcia now moves for attorney's fees and costs for his counsel, Olinsky Law Group, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 29. No opposition has been received. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiff's motion for the reasons set forth below.

## II.　BACKGROUND

On January 11, 2023, Plaintiff filed this Social Security appeal after the Commissioner's denial of disability benefits. On October 19 the Court granted the parties' stipulation to remand for further proceedings pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four. ECF No. 27. Plaintiff now moves for attorney's fees totaling $10,526.72.

### III. DISCUSSION

The EAJA mandates an award of attorney's fees and expenses if (1) a party prevails in a civil action and (2) the government's position in the action, including in the underlying administrative proceedings, is not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

#### A. Prevailing Party

Under the EAJA, a party that obtains a reversal and remand in a social security benefits case is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). As the parties stipulated to remand this matter, there is no dispute that Plaintiff is a prevailing party under the EAJA.

#### B. Substantial Justification

The burden of proof that the government's position was substantially justified rests on the government. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified to avoid an award of fees. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Thus, "[t]he government's position must be substantially justified at each stage of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted); *Jaureque v. Colvin*, 2013 WL 5645310, at *1 (N.D. Cal. Oct. 16, 2013) ("The court must examine whether the government was substantially justified in its original act and its decision to defend it in court.") (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified.'" *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

1   Here, the October 19 stipulation and order reflect potential error, providing: "On remand, the Commissioner will: (1) reassess step five of the sequential evaluation, including obtaining vocational expert evidence and resolving any inconsistencies that exist between the vocational expert's testimony and the DOT; and (2) further develop the record as necessary, offer Plaintiff the opportunity for a new hearing, and issue a new decision." ECF No. 27.  Further, Defendant has not argued the government's position was justified.  Under these circumstances, the Court finds that the position of the government was not substantially justified, and fees under the EAJA will therefore be awarded.  *See Little v. Comm'r of Soc. Sec. Admin.*, 2023 WL 9051266, at *2 (N.D. Cal. Dec. 28, 2023) (finding government's position was not substantially justified and awarding fees under the EAJA where parties stipulated to remand for ALJ to reevaluate medical evidence and take additional evidence, among other reasons); *Mitford v. Kijakazi*, 2021 WL 6052006, at *2 (N.D. Cal. Dec. 21, 2021) (same).

### C.  Reasonable Attorney's Fees

Under the EAJA, Plaintiff is entitled to "reasonable" fees.  28 U.S.C. § 2412(d)(2)(A).  Determining whether the expenditure of time litigating a Social Security case was reasonable "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained"; courts cannot apply de facto caps limiting the hours attorneys can reasonably expend.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012).  The fee applicant bears the burden of proving they are reasonable.  28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S.424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

"When the district court makes its award, it must explain how it came up with the amount."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice.  But where the disparity is larger, a more specific articulation of the court's reasoning is expected."  *Id.*; *see also Costa*, 690 F.3d at 1136 (citing *Moreno* and noting that a district court can impose a reduction of up to 10 percent based purely on the exercise

1    of its discretion and without more specific explanation, but where the number of hours is reduced

2    by 20 to 25 percent, a court is required to provide more specific explanation).

3          Plaintiff seeks an hourly rate of $234.95 for attorney time spent in 2022 and $242.78 for

4    attorney time spent in 2023.  Plaintiff also seeks $130 for paralegal work.  Under the EAJA,

5    attorney's fees are set at a market rate capped at $125 per hour.  28 U.S.C. § 2412(d)(2)(A).

6    However, a higher fee may be awarded if "the court determines that an increase in the cost of

7    living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii); *see also Thangaraja*, 428 F.3d at

8    876 (awarding higher fee based on cost of living).  The EAJA statutory maximum hourly rate in

9    the Ninth Circuit, adjusted for increases in the cost of living, was $234.95 for 2022 and $244.62

10   for 2023.  *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (Ninth Circuit

11   Statutory Maximum Rates under the EAJA) (citing 28 U.S.C. § 2412(d)(2)(A)).  As the hourly

12   rates are within the statutory maximum, and Defendant does not oppose them, the Court finds

13   these hourly rates reasonable.

14         Paralegal services are also compensable under the EAJA.  *Richlin Sec. Serv. Co. v.*

15   *Chertoff*, 553 U.S. 571, 576 (2008) ("[W]e think EAJA . . . must be interpreted as using the term

16   'attorney . . . fees' to reach fees for paralegal services as well as compensation for the attorney's

17   personal labor."); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may

18   recover reasonable paralegal fees).  Defendant does not dispute the $130 rate that Plaintiff requests

19   for paralegal work, and the Court finds it is reasonable.  *See McDade v. Saul*, 2019 WL 6251229,

20   at *7 (N.D. Cal. Nov. 22, 2019) (finding $130 per hour for paralegal work reasonable under the

21   EAJA); *Kee v. Berryhill*, 2018 WL 4566906, at *1 (N.D. Cal. Sept. 21, 2018) (same).

22         In support of his motion, Plaintiff provided a declaration from his attorney, Stuart Barasch,

23   which includes an invoice of his firm's time and expenses in this case.  Barasch Decl., ECF No.

24   29-2.  The invoice reflects work performed between November 30, 2022 through January 11,

25   2024.  In total, Plaintiff's counsel billed 49.7 hours; however, the parties have agreed to settle this

26   motion at a reduced rate of $10,526.72.  *Id.* ¶ 6.  Having reviewed Plaintiff's request, the Court

27   finds the parties' agreement is reasonable.

28

**D.     The Fee Award Should be Paid to Counsel**

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney.  The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making fee awards payable "to such attorney." *Id.* at 595 (citing 42 U.S.C. § 406(b)(1)(A)).  In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.*  Nevertheless, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government.  *See Potter v. Colvin*, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (collecting cases).  As Plaintiff assigned his EAJA fees to Olinsky Law Group (*see* Barasch Decl., Ex. D, ECF No. 29-6), the award shall be paid directly to Olinsky, subject to any debt offset.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for an award of $10,526.72.  Pursuant to Plaintiff's request, the award shall be paid directly to his attorney.

**IT IS SO ORDERED.**

Dated: February 21, 2024

THOMAS S. HIXSON
United States Magistrate Judge